# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. NAVARRO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-0600-BAM (PC)<br><br>SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 9, 2021, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Allegations in Complaint

Plaintiff is currently incarcerated in California State Prison, Corcoran ("Corcoran"), where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Allison, Correctional Officer, (2) Neve, Correctional Officer, (3) Limon, Correctional Officer, (4) Herrick, Correctional Officer, (5) Villadolid, Correctional Officer, (6) John Does 1, Correctional Officer, (7) John Doe 2, Control Booth Officer, (8) Jane Doe, Nurse, (9) J. Navarro, Sergeant, (10) California State Prison, Corcoran. Each individual is sued in their individual and official capacities.

Plaintiff alleges an Eighth Amendment violation for failure to protect his safety and for excessive force, Retaliation in violation of the First Amendment, Due Process violation, and failure to provide medical care. Plaintiff alleges as follows.

On January 4, 2020, Defendant Herrick came to Plaintiff's cell which had a sheet placed up for privacy. She yelled at Plaintiff and then left. A few minutes later Defendants Neve, Allison, John Doe 1 and Sergeant J. Navarro came to Plaintiff's cell and wanted to speak to him. Plaintiff refused to come out for fear of being assaulted. Defendant Neve told Plaintiff they just wanted to talk to him. Plaintiff cuffed up and the control booth officer John Doe #2 opened the

2

cell door.

Plaintiff is a disabled inmate with a mobility impairment and on January 4, 2020, used a walker and a wheelchair. Plaintiff has a left shoulder deformity and bone impingement and two shoulder rotator cuff tears. Using his walker had become impossible and Corcoran refused to give him appropriate means of accommodation.

Defendant Officer Neve yelled at Plaintiff to use his walker correctly when Plaintiff came out of the cell and grabbed it and Plaintiff almost fell. Defendant Neve tried to open the walker and Defendant J. Navarro told Neve it does not matter.

Plaintiff was escorted to the classification room in the adjoining hallway that connected C2 right and left. As soon as the door closed, Sergeant Navarro punched Plaintiff in the face. Plaintiff was brought to the room only to be assaulted so Plaintiff pulled his beanie over his face to protect himself. He was pushed down into a chair. There were four officers in the room and Navarro told them "ok" and they began to punch Plaintiff in the head but could not punch him in the face.

They began cursing at him and using racial epithets. He was kicked by someone and tipped the chair to the ground. He was kicked all over, as he curled into a ball. Defendant Navarro had Neve, Allison and John Doe 1 "open his legs" and Navarro kicked Plaintiff in the testicles, yelling "nigger dicks." He was kicked over and over, kicked in the ribs over and over, and blood was on the floor from his mouth and nose.

The assault lasted at least 20 minutes. Someone had picked up a wheelchair, that they had gotten from Plaintiff's cell, and tried to slam it down on Plaintiff. Plaintiff rolled over and reached up to prevent much of the impact but received a gash on his head and hand. This aggravated his left shoulder injury and pain and bone deformity. He did not get an MRI after this incident.

Navarro had officers get water bottles and poured water on the spots of blood on the floor and on Plaintiff's face, hands and legs, and used a T-shirt to clean Plaintiff's hands and leg. Plaintiff was picked up and placed in the wheelchair and punched in the head by Defendant Navarro who kept yelling profanity. Plaintiff was wheeled toward the pod which passed the

3

nurses station. Plaintiff said the officers had assaulted him and were going to try to cover it up and he was in pain and needed medical treatment. The nurse just rolled her eyes. Plaintiff then pulled the lock lever on the wheelchair and stood up to try to stay at the nurses station. The officers pushed Plaintiff back into the wheelchair, unlocked the wheels and pushed him to the rotunda. But Plaintiff jumped out of the wheelchair and began to beg the nurse to help him, but she stood still and refused to turn around to look at him.

Then Plaintiff was thrown on the floor of the assigned pod and officers landed on him and began to punch him all over his body and he began to yell. Someone placed leg chain and a triangle on Plaintiff so he could not jump out of the wheelchair, and was wheeled to his cell.

Plaintiff was denied medical care until about 3:30 pm when the nurse passed out medication. The nurse refused to pull him out to examine him, so he said he was suicidal.

After this assault, Officers Villadolid and Limon began to harass Plaintiff by not feeding him and tampering with and destroying his legal mail. On January 4, 2020, and January 6, 2020, Limon refused to give Plaintiff a dinner tray. On January 28, 2020, Limon and Villadolid went into Plaintiff's cell and confiscated all his outgoing legal mail and refused to return it and said it was because of "filing lawsuits." His legal mail has not been returned.

On February 14, 2020, Plaintiff left to undergo a spinal fusion surgery, and on January 26, 2020 was housed in the Corcoran infirmary. Defendant Herrick was assigned to work there and implemented a policy amongst her peers to isolate and harass Plaintiff my mocking him for having him been assaulted on January 4 and that she had it covered up.

On March 16, 2020, Defendant Navarro and another officer left their assigned post to go to Plaintiff's cell to brag about assaulting him on January 4, 2020 and that Plaintiff's appeal "does nothing." Defendant Navarro threatened to "fuck him up" again and Hurtado and Mammon covered it up.

Plaintiff alleges Defendants John Doe 2 and Jane Doe failed to intervene. John Doe 2 was the control officer and could have activated his alarm. Jane Doe saw blood all over plaintiff and failed to treat him.

Plaintiff does not allege the remedies he seeks in this action.

4

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

#### B. Federal Rule of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's complaint joins claims which are unrelated. The claims for conduct on dates of January 28, 2020 and February 14-16, 2020 are not related to claims for the assault on January 4, 2020. Plaintiff may not bring allegations for different constitutional violations on later dates

merely because he was assaulted on January 4, 2020. Plaintiff may not join claims for disability accommodations with unrelated claims for assault. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

**C. Eleventh Amendment Immunity**

Plaintiff has sued each of the defendants in their official capacities. A suit against a public employee in his official capacity is equivalent to a claim against the employer, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), cert. denied, 555 U.S. 1098 (2009). "Suits against state officials in their official capacity...should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

To the extent that Plaintiff seeks damages from Defendants in their official capacities, the

Eleventh Amendment bars Plaintiff's suit. *See Mitchell v. Washington*, 818 F.3d 436, 441 (9th Cir. 2016). To the extent Plaintiff seeks prospective declaratory or injunctive relief, only cognizable claims against them may go forward. *See Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

Further, Plaintiff has named Corcoran as a defendant. As Corcoran is within CDCR and CDCR is a state agency, it is therefore immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies.)

**D. Eighth Amendment**

    **a. Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification."

*Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Plaintiff states a cognizable claim against Defendants Navarro, Neve, Allison and John Doe 1 for excessive force for the incident on January 4, 2020.

### b. Failure to Protect

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate...safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

Plaintiff alleges that Defendant John Doe 2 and Defendant Jane Doe failed to intervene in the January 4, 2020 incident. Plaintiff fails to state a cognizable claim against Defendant John

8

Doe 2, the control officer. Plaintiff alleges that once John Doe 1 opened his cell door, Plaintiff was escorted to the classification room, where the door was closed. Plaintiff fails to allege any factual support that Defendant John Doe 2 could see or was aware what was happening to Plaintiff inside the closed room.

Also, Plaintiff fails to allege a cognizable claim against Defendant Jane Doe. Plaintiff fails to allege any factual support that Defendant John Doe 2 could see or was aware what was happening to Plaintiff inside the closed room. Plaintiff fails to allege that these prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety

### c. Lack of Meals

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment right to food was clearly established as of at least 2001. *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *Id.* at 812-13; see, e.g., id. at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); and id. at 812 n. 1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference).

Plaintiff alleges he missed 2 meals over three days. It is not clear from the allegations of the complaint that, objectively, plaintiff's deprivation of food was sufficiently serious to form the basis of an Eighth Amendment claim. "The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.' " *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (citing Foster, 554 F.3d at 813 n.2). Further, plaintiff does not set forth factual allegations showing that any specific defendant was subjectively aware of a serious risk to plaintiff's health and that the defendant deliberately disregarded such risk. See, e.g., *Foster*, 554 F.3d at 814. Moreover, this claim is improperly joined in violation of Rules 18 and 20.

### d. Deliberate Indifference to Serious Medical Need

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical

9

need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to state a cognizable claim. Plaintiff fails to include any factual allegations as to which Defendant knew what about his condition and what actions each Defendant did or did not take. As to Defendant nurse Jane Doe, Plaintiff alleges that by the time he was wheeled out of the room, all the blood had been wiped off of his face and legs and hands. Plaintiff fails to allege factual support that she was subjectively and objectively aware of the need for medical care.

### e. Verbal Harassment

Plaintiff alleges that after the January 4, 2020 incident, he was harassed by officers. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original)

(quoting *Keenan*, 83 F.3d 1083 at 1092). In affirming in an unpublished opinion, the Ninth Circuit quoted *Freeman*: "As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Zavala*, 348 F. App'x at 213 (quoting *Freeman*, 125 F.3d at 738).

**E. Retaliation – First Amendment**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Here, although Plaintiff contends that he was subjected to retaliation, Plaintiff's allegations are insufficient to demonstrate any "adverse action" that chilled Plaintiff First Amendment rights and that did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegation is insufficient to state a claim. Accordingly, Plaintiff fails to state a cognizable claim for retaliation. Further, this claim is improperly joined in violation of Rules 18 and 20.

**F. First Amendment Claims-Mail**

Under the First Amendment, prisoners have a right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail,

there must be a 'closer fit between the regulation and the purpose it serves.' " *Witherow*, 52 F.3d at 265 (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. *See Thornburgh*, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

Plaintiff's conclusory allegations of isolated instances of interference with mail are insufficient to state a cognizable claim. Further, this claim is improperly joined in violation of Rules 18 and 20.

### G. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (quotation marks omitted). When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff complains that Defendant Herrick did not issue an RVR for the infraction of having his window covered, in violation of Due Process, and instead informed Navarro of Plaintiff's conduct leading to the events of January 4, 2020. Plaintiff fails to state a cognizable Due Process claim. Plaintiff does not have a Due Process right to have an RVR issued against him.

### H. Doe Defendants

The use of John Does in pleading practice is generally disfavored. *See Gillespie v.*

*Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Navarro, Neve, Allison and John Doe 1 for excessive force for the incident on January 4, 2020 in violation of the Eighth Amendment but does not state any other cognizable claims. The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may not include improperly joined claims.

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The remaining claims and defendants will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file an amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal,* 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

*Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

 a. File an amended complaint curing the deficiencies identified by the Court in this order, **or**

 b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the cognizable claims for excessive force against Defendants Navarro, Neve, Allison and John Doe 1 for the incident on January 4, 2020 in violation of the Eighth Amendment; and

3. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order**.

IT IS SO ORDERED.

Dated: **July 12, 2021**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE