**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00600-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 27) |

　　　　Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to appoint counsel, filed December 17, 2021.  (ECF No. 27.)  In his motion, Plaintiff states that he is suffering from multiple medical injuries which affect his writing (carpal tunnel syndrome and pinched nerves in his neck along with bulging discs in spine that affect turning his neck).  It is difficult for Plaintiff to write more than four or five words and sometimes single letters without stopping.  Plaintiff also has multiple lower spinal injuries, and he is currently housed in the prison's infirmary due to his injuries.  Plaintiff states that due to these facts it is physically impossible to use the law library and he must use only a computer which he often cannot do due to his injuries.  Plaintiff cannot make copies as needed and must either handwrite a second copy for his own file or to send to court or find a nurse who is willing to make one or two copies for him.  Plaintiff therefore asks that the Court

1  "recommend" a pro bono lawyer take his case up until summary judgment, as it will prove highly
2  difficult for him to litigate this case on his own.  Plaintiff notes that it took him 8 hours to write
3  this motion.  (*Id.*)

4  Defendants have not had an opportunity to respond, but the Court finds a response
5  unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

6  To the extent Plaintiff is requesting that the Court provide a recommendation for a
7  specific lawyer who Plaintiff can contact to represent him in this action, Plaintiff is informed that
8  the Court does not provide such recommendations.

9  If Plaintiff is seeking appointment of counsel, Plaintiff is informed that he does not have a
10  constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525
11  (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the
12  court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).
13  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in
14  certain exceptional circumstances the court may request the voluntary assistance of counsel
15  pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

16  Without a reasonable method of securing and compensating counsel, the Court will seek
17  volunteer counsel only in the most serious and exceptional cases.  In determining whether
18  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

21  The Court has considered Plaintiff's request, but does not find the required exceptional
22  circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with
25  limited access to the law library or who suffer from disabilities almost daily.  These litigants also
26  must conduct legal research, write motions, and litigate their cases without the assistance of
27  counsel.

28  Furthermore, at this stage in the proceedings, the Court cannot make a determination that

Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Finally, the Court notes that if Plaintiff continues to experience limited access to the law library or copying services at his institution, he may seek appropriate extensions of time for any applicable deadlines.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 27), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 21, 2021**          /s/ *Barbara A. McAuliffe*          _
                                        UNITED STATES MAGISTRATE JUDGE

3