# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR, <br><br> Plaintiff, <br><br> v. <br><br> NAVARRO, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00600-JLT-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S REQUEST TO OPT OUT OF ADR SETTLEMENT CONFERENCE <br> (ECF No. 28) <br><br> ORDER DENYING PLAINTIFF'S REQUEST TO KEEP IFP STATUS AS MOOT <br> (ECF No. 31) |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Navarro, Neve, Allison, and John Doe 1 for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

On December 7, 2021, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 26.) The Court's order granted Defendants time to investigate and determine whether to opt out of the post-screening ADR project. The settlement conference is currently set for February 8, 2022 at 1:30 p.m. before Magistrate Judge Stanley A. Boone. (*Id.*)

On December 20, 2021, Plaintiff filed a request to opt out of the settlement conference. (ECF No. 28.) Plaintiff argues that Defendants and their attorney contend that Plaintiff is not

telling the truth about his claims. Plaintiff states that it is impossible for the parties to settle if Defendants contend he is lying, and Plaintiff therefore believes it would be a waste of resources to conduct any settlement talks until at least the facts of this case are established. (*Id.*) Defendants have not filed a response to Plaintiff's request, and the deadline for Defendants to file their own request to opt out of the settlement conference has expired. Therefore, it appears Defendants remain willing to attend a settlement conference, and the Court finds that it would be useful to attempt a settlement between the parties at this time. Plaintiff's request is denied, and the February 8, 2022 settlement conference before Judge Boone will proceed as scheduled.

Plaintiff also filed a request to keep IFP status on January 7, 2022. (ECF No. 31.) Plaintiff states that he has paid his filing fees for this action, but requests that he be permitted to continue to proceed *in forma pauperis* and that the Court not revoke his IFP status. (*Id.*) Defendants have not had an opportunity to respond to Plaintiff's request, but the Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Plaintiff's request is denied as moot. Although Plaintiff states that he has paid the filing fee in full for this action, this does not mean that his *in forma pauperis* status is revoked. Plaintiff will continue to proceed *in forma pauperis* in this case unless or until some other information comes to the Court's attention that might warrant revocation. The fact that Plaintiff has apparently finished paying the filing fee for this action, alone, does not warrant revocation of Plaintiff's *in forma pauperis* status.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to opt out of settlement conference, (ECF No. 28), is DENIED; and
2. Plaintiff's request to keep *in forma pauperis* status, (ECF No. 31), is DENIED as moot.

IT IS SO ORDERED.

Dated:   **January 11, 2022**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE