# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>  Plaintiff,<br><br>  v.<br><br>NAVARRO, *et al.*,<br><br>  Defendants. | Case No.  1:21-cv-00600-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DEADLINE TO FILE EXHAUSTION MOTION<br><br>(ECF No. 63)<br><br>**Dispositive Motion Deadline (Exhaustion): May 17, 2022** |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.  Defendants Navarro, Neve, and Allison have answered the complaint.

The Court issued a discovery and scheduling order on February 10, 2022.  (ECF No. 43.) That order set the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for May 10, 2022.  (*Id.*)

Currently before the Court is Defendants Navarro, Neve, and Allison's administrative motion for extension of time to file a motion or summary judgment (exhaustion), filed May 9, 2022.  (ECF No. 63.) Requests to alter a discovery schedule that affect dispositive motion filing

1

dates are not appropriate for motions for administrative relief, *see* Local Rule 233. The Court will consider the filing as a motion to modify the discovery and scheduling order to extend the time for filing an exhaustion motion.

In support of the motion, defense counsel declares that a one-week extension is needed to obtain signatures on declarations by institutional personnel in support of Defendants' motion. (ECF No. 63, p. 3.) Due to unforeseen issues in staff availability during the last two weeks, counsel has been unable to secure the signatures of the declarants at this time. The motion is otherwise ready to file, and counsel does not anticipate seeking a further extension of time. Defendants request an extension up to and including May 17, 2022, and counsel does not believe that the requested extension will significantly impact the progress of this case or unfairly prejudice Plaintiff. (*Id.* at 4.)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline. Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiff will not be prejudiced by the extension granted here. No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order to extend the deadline to file an exhaustion motion, (ECF No. 63), is GRANTED; and
2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from May 10, 2022 to **May 17, 2022**.

IT IS SO ORDERED.

Dated:   **May 10, 2022**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2