# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00600-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY<br><br>(ECF No. 66) |

　　　　Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020. Defendants Navarro, Neve, and Allison have answered the complaint. Defendant Plata has not yet been served.

　　　　On May 13, 2022, Defendants Navarro, Neve, and Allison filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before bringing this action, (ECF No. 65), together with a motion to stay merits-based discovery pending resolution of their motion for summary judgment on the issue of exhaustion of administrative remedies, (ECF No. 66). Pursuant to the Court's February 10, 2022 Discovery and Scheduling Order, the deadline for the completion of all discovery is October 10, 2022. (ECF No. 43.)

      Although Plaintiff has not had the opportunity to file a response to Defendants' motion to stay merits-based discovery, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

      Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

      In their motion, Defendants Navarro, Neve, and Allison argue that the pending motion for summary judgment for failure to exhaust administrative remedies will potentially dispose of the entire case, the Court does not require additional information to decide the motion, and the expenditure of resources required to respond to merits-based discovery requests will be needless if the Court grants Defendants' motion. (ECF No. 66.) If Defendants' motion is denied, the parties may conduct discovery as to all remaining issues, having only suffered a brief delay. Defendants therefore request that the Court stay merits-based discovery until the motion for summary judgment on the issue of exhaustion is resolved. (*Id.*)

      Having considered Defendants' moving papers, the Court finds good cause to stay merits-based discovery. Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery.

      **<u>However, to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests</u>**. Given that Plaintiff has not had the opportunity to respond to Defendants' motion to modify the discovery and scheduling order, the Court finds it appropriate to require Defendants to complete any outstanding discovery requests related to the exhaustion issue, as required by the Court's Discovery and Scheduling Order. Although Defendants argue that no further information is needed for the Court to decide the exhaustion

motion, Plaintiff may well disagree.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadline, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay merits-based discovery, (ECF No. 66), is GRANTED; and
2. All merits-based discovery is STAYED, as discussed above, pending resolution of the motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: __May 16, 2022__         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE