# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00600-DAD-BAM (PC)<br><br>SECOND ORDER TO SHOW CAUSE WHY DEFENDANT PLATA SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 61)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata (formerly John Doe 1) for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

　　　　On March 23, 2022, the Court issued an order directing service on Defendant Plata in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 48.)  The order included the following information regarding Defendant Plata: "Plata, Correctional Officer; California State Prison – Corcoran; January 4, 2020."  (*Id.* at 2.)  On April 26, 2022, the Court received information that Defendant Plata could not be identified.

1

Accordingly, on April 27, 2022 the Court issued an order for Plaintiff to show cause why Defendant Plata should not be dismissed from this action for failure to provide sufficient information to effectuate service. (ECF No. 56.) Plaintiff filed a response providing additional information to identify Defendant Plata, and the Court discharged the order to show cause and ordered a second attempt at electronic service. (ECF Nos. 59–61.) The E-Service order included the following information regarding Defendant Plata: "Plata, Correctional Officer; California State Prison – Corcoran; 4A2R Rotunda and 4A2R/Left ICC Room; January 4, 2020; related to Appeal #5-20-00062 filed by Roderick William Lear." (ECF No. 61-1, p. 2.)

On June 14, 2022, the Court received information from CDCR that Defendant Plata could not be identified, and service documents were forwarded to the United States Marshal. (ECF No. 74.) On June 24, 2022, the United States Marshal filed a return of service unexecuted as to Defendant Plata. (ECF No. 75.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and

sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically and personally serve Defendant Plata with the information that Plaintiff provided.  However, the Marshal was informed by the Litigation Coordinator at Corcoran that records were thoroughly searched and no employees by the name of "Plata" or "Piata" could be found.  (ECF No. 75.)  Plaintiff therefore has not provided sufficient information to identify and locate Defendant Plata for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Plata shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Plata should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendant Plata for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Plata should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Plata from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)**.

IT IS SO ORDERED.

Dated:   **June 27, 2022**          /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

3