# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-00600-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT PLATA, WITHOUT PREJUDICE, FOR FAILURE TO SERVE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata (formerly John Doe 1) for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

**I.     Procedural Background**

On March 23, 2022, the Court issued an order directing service on Defendant Plata in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 48.) The order included the following information regarding Defendant Plata: "Plata, Correctional Officer, California State Prison – Corcoran; January 4, 2020." (*Id.* at 2.) On April 26, 2022, the Court received information that Defendant Plata could not be identified.

Following an order to show cause, Plaintiff filed a response providing additional information to identify Defendant Plata, and the Court ordered a second attempt at electronic

1

service. (ECF Nos. 56, 59–61.) The E-Service order included the following information regarding Defendant Plata: "Plata, Correctional Officer; California State Prison – Corcoran; 4A2R Rotunda and 4A2R/Left ICC Room; January 4, 2020; related to Appeal #5-20-00062 filed by Roderick William Lear." (ECF No. 61-1, p. 2.)

On June 14, 2022, the Court again received information from CDCR that Defendant Plata could not be identified, and service documents were forwarded to the United States Marshals Service for personal service on Defendant Plata. (ECF No. 74.) On June 24, 2022, the United States Marshals Service filed a return of service unexecuted as to Defendant Plata, indicating that the U.S. Marshal was informed by the Litigation Coordinator at Corcoran that records were thoroughly searched and no employees by the name of "Plata" or "Piata" could be found. (ECF No. 75.)

Therefore, on June 27, 2022, the Court issued a second order requiring Plaintiff to show cause why Defendant Plata should not be dismissed from this action. (ECF No. 77.) In that order, Plaintiff was warned that the failure to respond or failure to show cause would result in the dismissal of Defendant Plata from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 3.)

Plaintiff filed a response to the order to show cause on July 11, 2022. (ECF No. 78.)

## II. Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed

2

for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

**III.    Discussion**

The Marshal attempted to serve Defendant Plata with the information that Plaintiff provided. However, the information provided was not sufficient to identify Defendant Plata for service of process.

Plaintiff was afforded a second opportunity to provide further information to locate Defendant Plata, and he filed a response on July 11, 2022. (ECF No. 78.) However, Plaintiff makes clear in his response that he has no additional information that can be used to locate Defendant Plata. Rather, Plaintiff argues that Defendants and their attorney know the true identity of Defendant Plata and that he is consciously evading service. Plaintiff contends that Corcoran should have helped Plaintiff identify this officer, but instead no investigation was done into the facts of this case. Plaintiff states that he filed discovery requests to discover Defendant Plata's true identity, but he is currently denied the right to conduct discovery.[1] Plaintiff requests that the Court open discovery and, in addition, issue an email to all Defendants and their attorney directing that the officer who took Plaintiff out of his cell, or who could reasonably be construed as the officer who "along with" defendants allegedly assaulted Plaintiff on January 4, 2020, be located. (*Id.*)

///

---

[1] The Court notes that discovery was originally opened in this action on February 10, 2022, (ECF No. 43), and discovery relating to the merits of this case was stayed on May 16, 2022, (ECF No. 68).

As Plaintiff acknowledges in his response to the order to show cause, he has no additional information to identify Defendant Plata. Further, it was not the responsibility of CDCR or Defendants to provide that information to the Court. Plaintiff had approximately three months to conduct any needed discovery regarding Defendant Plata's identity, but he has not identified any specific discovery requests he served on the remaining defendants that would lead to information about Defendant Plata. Further, as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so.

**IV.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Plata be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 18, 2022**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE