# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR, | Case No. 1:21-cv-00600-ADA-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| NAVARRO, *et al.*, | (ECF No. 76) |
| Defendants. | ORDER DIRECTING PLAINTIFF TO FILE MOTION TO COMPEL OR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

**I.  Procedural Background**

On May 13, 2022, Defendants Navarro, Neve, and Allison ("Defendants") filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies before filing suit. (ECF No. 65.) On May 20, 2022, Plaintiff filed a motion requesting

1

that the Court stay Defendants' motion for summary judgment until after he receives discovery concerning his use of force appeals.  (ECF No. 69.)  Defendants did not file an opposition.

On June 10, 2022, Plaintiff filed his opposition to the motion for summary judgment.  (ECF No. 70.)  The Court found that as Plaintiff had filed his opposition, the motion for the Court to deny or stay Defendants' motion for summary judgment was denied as moot and Defendants were directed to file any reply brief within fourteen days.  (ECF No. 73.)

## II.     Plaintiff's Motion for Reconsideration

On June 23, 2022, before the expiration of the deadline for Defendants' reply brief, Plaintiff filed the instant motion requesting that the Court reconsider his request to stay a ruling on the motion for summary judgment.  (ECF No. 76.)  Plaintiff stated that he had hoped to supplement the exhibits to his opposition with Defendants' discovery responses, which he had not yet received.  Plaintiff further stated that he intended to show the Court he was prepared to fight the summary judgment motion but still required discovery responses, and he was not sure of the deadline to file.  Plaintiff requested that the Court allow him to submit exhaustion discovery responses as soon as Defendants submit them.  (*Id.*)

As Defendants did not file a response to the motion for reconsideration or a reply brief, the Court found it appropriate to obtain a response from Defendants regarding Plaintiff's motion for reconsideration, specifically addressing whether there were any outstanding discovery requests related to the issue of exhaustion, and if so, when discovery responses were or would be served on Plaintiff.  (ECF No. 80.)

On August 9, 2022, Defendants filed a response indicating that there was an outstanding request for production of documents relating to investigation and processing of Plaintiff's allegations against Defendants.  (ECF No. 84.)  When Defendants' former attorney of record left employment with the Office of the Attorney General on May 20, 2022, the case was to be reassigned to another deputy attorney general.  Due to a miscommunication and delay in that reassignment, the draft response prepared to Plaintiff's document request was not served on Plaintiff.  Defendants' current counsel followed up with CDCR to confirm the completeness and receipt of all responsive documents and anticipated serving the response to Plaintiff's document

2

1  request by August 19, 2022.  (*Id.*)

2  On September 1, 2022, in lieu of a reply brief in support of his motion for reconsideration, Plaintiff filed a Notice of Submission of his Meet and Confer Motion to Defendants.  (ECF No. 88.)  It appears that while Plaintiff has received the requested discovery responses, he alleges that they produce the same documents used in support of the summary judgment motion, but do not include other documents Plaintiff requested.  Plaintiff states that on August 23, 2022, he sent a meet and confer letter, but he anticipates he will need to file a motion to compel on September 11, 2022.  Plaintiff requests an extension of time to try to resolve the dispute prior to mailing out his motion to compel or for bad faith on September 11.  (*Id.*)

**III.    Discussion**

Based on the information provided by the parties, it appears that there is good cause for the Court to reconsider its prior order denying Plaintiff's motion to stay or postpone ruling on Defendants' motion for summary judgment.  Defendants concede that Plaintiff submitted a request for production of documents at some point prior to May 20, 2022, but a response was not sent to Plaintiff until approximately August 19, 2022. (ECF No. 84.)  Now, Plaintiff anticipates filing a motion to compel regarding the sufficiency of those responses.  (ECF No. 88.)

In the interest of judicial economy, the Court finds it appropriate to stay further briefing on Defendants' motion for summary judgment until the discovery dispute can be resolved. Plaintiff's motion for reconsideration is therefore granted to the extent that the Court will not decide Defendants' motion for summary judgment while the discovery dispute remains pending.

Plaintiff shall submit a motion to compel regarding the August 19, 2022 discovery responses.  <u>However, if the parties come to an agreement regarding the discovery responses prior to the filing of Plaintiff's motion to compel, or Plaintiff decides he is able to proceed with the motion for summary judgment using the responses already provided, Plaintiff shall submit a supplemental opposition to the motion for summary judgment</u>.

///

///

///

3

**IV.  Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration of the Court's order denying Plaintiff's motion to stay Defendants' motion for summary judgment as moot, (ECF No. 76), is GRANTED IN PART, as discussed above;

2. Within **twenty-one (21) days** from the date of service of this order, Plaintiff SHALL **either**:

    a. File a motion to compel regarding Defendants' August 19, 2022 discovery responses; **or**

    b. File a supplemental opposition to Defendants' May 13, 2022 motion for summary judgment, (ECF No. 65);

3. If Plaintiff files a supplemental opposition to the motion for summary judgment, Defendants may file a reply within **fourteen (14) days** after the docketing of Plaintiff's supplemental opposition; and

4. **Plaintiff's failure to comply with the Court's order will result in dismissal of this action, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **September 2, 2022**          /s/ *Barbara A. McAuliffe*          
                                        UNITED STATES MAGISTRATE JUDGE

4