# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>NAVARRO, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00600-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MOVE CASE FORWARD<br>(ECF No. 96)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE AND TO REOPEN CASE<br>(ECF No. 97) |

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, Allison, and Plata for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

Currently pending before the Court are Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies before filing suit, (ECF No. 65), Plaintiff's motion to compel discovery, (ECF No. 90), and Plaintiff's motion to declare Defendants' motion for summary judgment filed in bad faith and for sanctions, (ECF No. 92). Only Plaintiff's motion to compel is fully briefed. (ECF Nos. 94, 95.)

During the pendency of these motions, Plaintiff filed a motion to move the case forward on March 23, 2023, (ECF No. 96), and a motion for change of venue and to reopen the case on

June 7, 2023, (ECF No. 97).  Defendants did not file a response to Plaintiff's motion to move the case forward, and the deadline to do so has expired.  The Court finds that a response to Plaintiff's motion for change of venue and to reopen the case is not necessary.  The motions are therefore deemed submitted.  Local Rule 230(l).  As the motions raise similar arguments, the Court will address them together.

In his motions, Plaintiff argues that the Court has not yet ruled on his motion to compel, has not addressed the motion to declare Defendants' motion for summary judgment filed in bad faith, and the summary judgment motion has been awaiting adjudication for almost a year.  (ECF No. 96.)  Plaintiff contends that the Court has conspired with Defendants to close this case and to refuse to rule on his pending motions.  (ECF No. 97.)  Plaintiff requests that the Court allow the case to move forward, or to transfer it to another court to be reopened.  (ECF Nos. 96, 97.)

With respect to Plaintiff's request that the Court resolve the pending motion for summary judgment, Plaintiff is reminded that he has requested further discovery from Defendants in order to supplement his opposition brief before the Court issues a ruling on the summary judgment motion.  (ECF Nos. 76, 89.)  Plaintiff was then provided the opportunity to file either a motion to compel or a supplemental opposition, and Plaintiff opted to file a motion to compel.  (ECF Nos. 89, 90.)  Before briefing on the motion to compel was completed, Plaintiff then filed a motion to declare Defendants' summary judgment motion filed in bad faith, and requesting the imposition of sanctions.  (ECF No. 92.)

Plaintiff is informed that this Court has an extremely large number of *pro se* prisoner civil rights cases pending before it, and therefore, delay is inevitable despite the Court's best efforts.  Due to the heavy caseload, Defendants' motion for summary judgment and Plaintiff's motions to compel and to declare Defendants' motion for summary judgment filed in bad faith are awaiting decision.  The Court is aware of the pendency of this action and will decide the motions in due course.  Plaintiff is advised that the filing of excessive motions regarding extraneous matters or requesting updates to his case are unnecessary and serve only to further consume scarce judicial resources.  <u>If Plaintiff continues to file such motions, it will serve only to further delay resolution of the pending motions in this action</u>.

To the extent Plaintiff requests that the Court reopen his action, the request is denied as moot. The case remains open and pending.

With respect to Plaintiff's request for a transfer of venue, the request is denied. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

Plaintiff has provided no argument that would support the transfer of this action to any other district, aside from his desire for a faster resolution of this action. This is not a sufficient justification to transfer this action to another district. Accordingly, venue remains appropriate in this district.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to move case forward, (ECF No. 96), is DENIED;
2. Plaintiff's motion for change of venue and to reopen case, (ECF No. 97), is DENIED; and
3. The pending motions in this action will be decided in due course.

IT IS SO ORDERED.

Dated: **June 12, 2023**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

3