# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>NAVARRO, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00600-NODJ-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br>(ECF No. 90)<br><br>ORDER DENYING MOTION TO DECLARE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FILED IN BAD FAITH AND FOR SANCTIONS<br>(ECF No. 92)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Procedural History

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, and Allison ("Defendants") for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

On May 13, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies before filing suit. (ECF No. 65.) Plaintiff filed an opposition on June 10, 2022. (ECF No. 70.) With the filing of Plaintiff's opposition, the Court denied as moot Plaintiff's motion to stay a ruling on the motion for

1

summary judgment. (ECF No. 73.) Before the expiration of the deadline for Defendants' reply brief, Plaintiff filed a motion requesting reconsideration of the Court's denial of his motion to stay a ruling on the motion for summary judgment. (ECF No. 76.) In response, Defendants indicated that there was an outstanding request for production of documents relating to investigation and processing of Plaintiff's allegations against Defendants, and responsive documents had only recently been served. (ECF No. 84.) The Court therefore found it appropriate to stay briefing on the motion for summary judgment to allow Plaintiff to file either a motion to compel concerning Defendants' discovery responses or to file a supplemental opposition to the summary judgment motion. (ECF No. 89.)

On September 15, 2022, Plaintiff filed a motion to compel. (ECF No. 90.) Defendants filed an opposition on October 6, 2022, (ECF No. 94), and Plaintiff filed a reply brief on October 25, 2022, (ECF No. 95). While the motion to compel was pending, Plaintiff also filed a motion to declare Defendants' motion for summary judgment filed in bad faith and for sanctions, (ECF No. 92), and a supplement to the bad faith motion, (ECF No. 93). Defendants did not file a response to the bad faith motion.

Plaintiff's motion to compel and motion to declare Defendants' motion for summary judgment filed in bad faith and for sanctions are therefore deemed submitted.[1] Local Rule 230(l). Plaintiff's motions are denied, as discussed below.

**II.     Plaintiff's Motion to Compel**

    **A.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

---

[1] These motions were dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

2

*Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).  A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document."  *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").The scope of discovery under Rule 26(b)(1) is broad.  Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.*  Discovery may be sought of relevant information not admissible at trial if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

3

1 discovery in resolving the issues, and whether the burden or expense of the proposed discovery
2 outweighs its likely benefit." *Id.* However, discovery may be limited if it "is unreasonably
3 cumulative or duplicative, or can be obtained from some other source that is more convenient,
4 less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity
5 to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or
6 overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

**B.    Plaintiff's Requests for Production ("PODs") 1–2**

POD No. 1: Any and all documents, electronic recordings or official CDCR / CSP-Corcoran e.mail, phone log or summaries by CDCR, CC-POA, Office of the Inspector General, Prison Law Office, DOJ or CSP-COR internal investigations concerning, related to or in response to plaintiffs use of force/excessive force allegations against defendants concerning the alleged 1.4.20 assault on him by defendants.

POD No. 2:

All documents such as CDCR 22 Forms, GA-22 forms, letters, confidential mail, correspondence to OOA, Warden or S Gate, VOONG, or director level correspondence from Plaintiff concerning: his use of force allegations (against defendants on 1.4.20), the status of these appeals or exhaustion requirements, provide a copy of these documents and any document indicating how plaintiff's GA-22, CDCR 22, letters to Warden, OOG, DOJ O/G or PLO was processed and responded to.

Response to POD Nos. 1–2:[2] Defendants objects to this request on the grounds that it is compound; seeks inadmissible character evidence; is vague, ambiguous, overbroad, and unduly burdensome; is irrelevant to the claims and defenses in this action; and is not proportional to the needs of this case.

The request also seeks information that is deemed confidential under California Code of Regulations, title 15, section 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the

---

[2] As Defendants provided identical response to POD Nos. 1–2, for the sake of brevity the Court reproduces the response only once.

4

production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). To the extent this request seeks information related to Defendants' personnel files, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes, including California Penal Code sections 832.7, 832.8; California Government Code section 6254; California Civil Code sections 1798.24 and 1798.40; and California Code of Regulations, Title 15, section 3400. Personnel files also are protected under California Evidence Code section 1040, *et seq.*, including section 1043. As discovery is currently limited to the issue of administrative exhaustion, however, confidential documents are not responsive, and Defendants assert these objections in an abundance of caution. (ECF No. 68.)

Without waiving and subject to these objections, Defendants produce the following documents:

- Non-confidential portions of Appeal log no. 20-0062, submitted 1/5/19;
- Appeal log no. CORHC20000019, submitted 1/15/19;
- Non-confidential portions of Appeal log no. 2005511, COR-20-00716, submitted 1/28/20;
- Second Level response letter dated 2/28/20 to Appeal log no. CSPC-9-20-00931;
- Appeal log no. CSPC-9-20-1073, submitted 2/3/20;
- Non-confidential portions of Appeal log no. CSPC-9-20-1568, submitted 4/28/20;
- Appeal log no. 2010177, CSPC-9-20-1550, submitted 5/16/20;
- Appeal log no. 2010355, CSPC-9-20-02047, submitted 3/29/20;
- Plaintiff's Grievance log no. 19140, submitted 7/17/20;
- Plaintiff's Grievance log no. 29409, submitted 8/13/20;
- Plaintiff's Grievance log no. 4445, submitted 9/26/20;
- Plaintiff's Grievance log no. 54357, submitted 10/22/20;
- Plaintiff's Grievance log no. 80511, submitted 1/7/21;
- Plaintiff's Inmate/Parolee Appeals Tracking System Report – Levels I & II;

1        •    Plaintiff's Inmate/Parolee Appeals Tracking System Report – Level III;

2        •    Offender Grievances/Appeals.

3        <u>Ruling on POD Nos. 1–2</u>: Plaintiff's motion to compel is denied. The Court cannot compel a party to produce documents that do not exist or are not in their possession, custody, or control, and Defendants' counsel has declared under penalty of perjury that they "specifically looked for any inquiries by Plaintiff into the status of the inmate grievance for the incident described in the complaint and [they] did not withhold any such inquiries from [their] production." (ECF No. 94, p. 3.) Plaintiff's only support for his assertion that Defendants are withholding the requested correspondence are his own conclusory statements or the existence of other correspondence that is already in Plaintiff's possession.

While Plaintiff may believe that the requested correspondence exists and is in the possession of Defendants, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do not form legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that the specific requested documents do not exist or are not in Defendants' possession. *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Plaintiff also fails to explain how the requested documents are not equally available to him, either through a review of his own central file or his own records or copies he retained of his correspondence. In his request to meet and confer with Defendants, attached to the motion to compel, Plaintiff appears to state that he had not requested a file review at the time he filed the

1  motion to compel, and that he has produced to Defendants some of the documents in question.
2  (ECF No. 90, pp. 7–8.) Although Plaintiff alleges that there are more documents in existence,
3  and that they are in the custody or control of Defendants, based on Plaintiff's own statements it
4  appears that they are equally available to Plaintiff through his own central file or records.

5  To the extent Plaintiff's motion to compel raises arguments that go to the substance of the
6  pending motion for summary judgment for failure to exhaust, those arguments are not relevant to
7  the motion to compel and are not appropriate to address here. Plaintiff's request for sanctions is
8  also denied.

### III.     Motion to Declare Defendants' Motion for Summary Judgment Filed in Bad Faith

Plaintiff seeks sanctions against Defendants under Federal Rule of Civil Procedure 11. In his motion to declare Defendants' motion for summary judgment as filed in bad faith, Plaintiff largely argues against the substance of the summary judgment motion. (*See* ECF No. 92.) Plaintiff further contends that Defendants have acted in bad faith by not filing any response to Plaintiff's opposition to the summary judgment motion and because Defendants assert a different version of events than Plaintiff with respect to the underlying excessive force claims. (*Id.*)

In the supplement to his motion, filed September 30, 2022, Plaintiff raises new evidence. (ECF No. 93.) Plaintiff states that on January 17, 2021, he sent a letter asking about the status of his appeals concerning his allegation of excessive force used on January 4, 2020, and he just received a response from the Office of Appeals on September 26, 2022 (dated September 22, 2022), which returned his original letter to him. (*Id.* at 4, 7.) Plaintiff contends that his original letter, which was not previously produced in discovery, as well as the response from the Office of Appeals, are further support for his bad faith request, and requests an evidentiary hearing "concerning correspondence between defendants, their attorneys, the OOA and institutions "OOG," Office of Grievance, regarding Plaintiff's appeals and CDCR exhaustion requirements." (*Id.* at 2.)

Defendants did not file a response to Plaintiff's motion or the supplement.

///

///

7

### A. Legal Standards

Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "'Frivolous filings' are those that are 'both baseless and made without a reasonable and competent inquiry.'" *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). "The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party." *McMahon v. Pier 39 Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

In addition to Rule 11, courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.2d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Pipe*, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." *Id.* at 994. Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), cert. denied, 516 U.S. 838 (1995); *Delange v. Dutra Constr. Co., Inc.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules").

**B.     Discussion**

The Court finds that sanctions pursuant to Rule 11 are inappropriate here. Plaintiff's disagreement with the facts presented in Defendant's motion for summary judgment is more appropriate raised in his opposition to the motion for summary judgment, not in a motion for sanctions. The fact that the parties have presented different versions of events to the Court does not, in itself, demonstrate that Defendants' motion is legally unreasonable or without factual foundation as required by Rule 11.

Sanctions or an evidentiary hearing under the Court's inherent authority are also not warranted. Plaintiff alleges that Defendants have acted in bad faith in responding to his discovery requests by withholding requested documents, such as Plaintiff's January 17, 2021 letter to the Office of Appeals. However, there is no indication, aside from Plaintiff's own statements, of any bad faith on the part of Defendants. Plaintiff has not indicated whether the January 17, 2021 letter was already in his possession—such that further production was not required—and the September 22, 2022 letter apparently did not exist at the time Defendants served their August 23, 2022 responses to Plaintiff's requests for production. Again, other than Plaintiff's conclusory statements that other correspondence exists that was not produced, there is no indication that Defendants have withheld other requested documents.

To the extent Plaintiff argues that Defendants failed to supplement their discovery responses with the September 22, 202 letter, Plaintiff is reminded that Rule 26(e)(1) only requires supplementation if the incomplete information has not otherwise been made known to Plaintiff. Plaintiff's production of these documents in his motions to the Court demonstrates that further supplementation from Defendants is unnecessary in this instance.

**IV.     Further Briefing on Motion for Summary Judgment**

Based on the foregoing, it appears that Defendants' discovery responses did not include any additional information that was not already available to Plaintiff at the time he filed his opposition to the motion for summary judgment. (*See* ECF No. 90, p. 7 (In response to POD No. 2, "defendants then simply submit the exact same appeals they submitted for their summary judgment.").) As Plaintiff has already filed his opposition based on the earlier-provided

9

documentation, the Court finds that a supplemental opposition is not required. The Court will reset the deadline for the filing of any reply brief by Defendants.

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel discovery, (ECF No. 90), is DENIED;
2. Plaintiff's motion to declare Defendants' motion for summary judgment filed in bad faith and for sanctions, (ECF No. 92), is DENIED; and
3. Defendants' reply in support of the motion for summary judgment, if any, shall be filed within **fourteen (14) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **February 12, 2024**              /s/ Barbara A. McAuliffe       _
                                            UNITED STATES MAGISTRATE JUDGE

10