# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR, | Case No. 1:21-cv-00600-KES-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (EXHAUSTION) |
| v. | |
| NAVARRO, *et al.*, | (ECF No. 65) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

### **FINDINGS AND RECOMMENDATIONS**

**I.   Background**

Plaintiff Roderick William Lear ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Navarro, Neve, and Allison ("Defendants") for excessive force in violation of the Eighth Amendment, arising from the incident on January 4, 2020.

On May 13, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before bringing this action, as required by the Prison Litigation Reform Act.[1]  (ECF No. 65.)  Plaintiff filed his opposition on June 10, 2022.

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 65-2.)

1

(ECF No. 71.)  Following the resolution of a variety of discovery and sanctions motions from Plaintiff, Defendants filed a reply brief on March 4, 2024.[2]  (ECF No. 104.)

The motion for summary judgment is deemed submitted.  Local Rule 230(l).

**II.     Defendant's Motion for Summary Judgment**

    **A.     Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  *Id.*

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him.  *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendants.  *Id.* (quotation marks omitted).

---

[2] These motions were dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  *Id.*

**III.    Discussion**

      **A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level."  *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed

June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

**B.     Undisputed Material Facts (UMF)**[3]

1. Plaintiff Roderick William Lear (H28226) ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff was housed at California State Prison, Corcoran ("CSP-Corcoran") at times material to the matters at issue. (ECF No. 47 ("First Am. Compl."), p. 2.)

///

///

///

---

[3] *See* Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment. (ECF No. 65-3.) Although Plaintiff provided a reply to Defendant's undisputed facts and his own undisputed facts, (ECF No. 71, pp. 10–15), Plaintiff did not fully comply with the rules in preparing his opposition, including by failing to provide "a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support" of all disputed facts. Local Rule 260(b). As a result, Defendants' Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's opposition signed under penalty of perjury and verified first amended complaint. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

2. At all times relevant to this action, Defendants Allison, Neve, Plata,[4] and Navarro were employed as correctional officers by CDCR at CSP-Corcoran.  (*Id.*)

3. On January 4, 2020, Plaintiff submitted inmate grievance no. CSPC-5-20-00062, which was received January 7, 2020, alleging that on January 4, 2020, Defendant Neve, Defendant Navarro, and two other unidentified officers approached his cell on January 4, 2020, and requested to speak with him.  The grievance alleged that Defendant Neve, Defendant Navarro, and the two unnamed officers proceeded to handcuff Plaintiff, escort him to the classification room, and violently assault him.  (ECF No. 65-4 ("Mendez Decl."), Ex. C.)

4. Grievance no. CSPC-5-20-00062 was sent directly to the second level of review to be addressed as a staff complaint.  (*Id.*)

5. In a decision issued February 20, 2020, no. CSPC-5-20-00062 was granted, in part, in that there was a confidential inquiry into Plaintiff's allegations; however, the grievance was denied as to Plaintiff's allegations of excessive force.  The decision advised, "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of review up to, and including, the Secretary's/Third Level of Review.  Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted."  (*Id.* at 21–22.)

6. The Institutional Executive Review Committee issued an amended second level response on May 20, 2020, again partially granting no. CSPC-5-20-00062.  The amended decision again advised, "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of review up to, and including, the Secretary's/Third Level of Review.  Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted."  (*Id.* at 19–20.)

7. Grievance no. CSPC-5-20-00062 was not appealed to the third and final level of review.  (ECF No. 65-5 ("Moseley Decl."), Ex. A.)

---

[4] Subsequent to the filing of the motion for summary judgment, Defendant Plata was dismissed, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (ECF Nos. 79, 91.)

8. Thereafter, Plaintiff submitted grievance no. CSPC-9-20-00931 to the institutional Office of Grievances.  On February 28, 2020, grievance no. CSPC-9-20-00931 was rejected as duplicative of CSPC-5-20-00062, discussed above, and other previous grievances pursuant to California Code of Regulations, Title 15, section 3084.6(c)(2).  (Mendez Decl., ¶ 12, Ex. D.)

9. Plaintiff also submitted grievance no. CPSC-9-20-01073 to the institutional Office of Grievances in which Plaintiff alleged that a Jane Doe officer encouraged other officers to assault him on January 4, 2020.  In that grievance, Plaintiff noted that his allegations of excessive force against the alleged assailants were the subject of a previous grievance.  On March 4, 2020, grievance no. CSPC-9-20-01073 was rejected for making a general allegation, but failing to state facts consistent with that allegation, pursuant to California Code of Regulations, Title 15, section 3084.6(b)(6).  (*Id.* ¶ 12, Ex. E.)

10. On August 14, 2020, Plaintiff submitted grievance no. 29409 to the Institutional Office of Grievances.  In that grievance, Plaintiff alleged that on August 11, 2020, Defendant Navarro came to his cell and harassed him.  Plaintiff also alleged that officials at CSP-Corcoran were covering up Navarro's alleged assault of Plaintiff on January 4, 2020.  Grievance no. 29409 was rejected as duplicative of CSPC-5-20-00062, discussed above.  (*Id.* ¶ 15, Ex. F.)

11. Plaintiff appealed the rejection of grievance no. 29409 to the Office of Appeals on September 16, 2020.  Pursuant to California Code of Regulations, Title 15, section 3486(i), the Office of the Appeals ("OOA") had sixty calendar days to complete a written response to Plaintiff's appeal.  However, in a letter dated November 19, 2020 (mailed to Plaintiff on March 10, 2021, the OOA acknowledged that time expired before the OOA was able to respond to Plaintiff's appeal.  Thus, the rejection by the Office of Grievances dated August 19, 2020, was not disturbed.  (Moseley Decl. ¶ 9, Ex. C.)

12. On January 11, 2021, Plaintiff submitted grievance no. 80511 to the institutional Office of Grievances.  In that grievance, Plaintiff stated he needed to know whether his grievance alleging that Defendant Navarro assaulted him on January 4, 2020 had been denied at the

6

third level of review. Grievance no. 80511 was rejected because any allegations concerning an incident on January 4, 2020 were beyond the thirty-day deadline permitted by the California Code of Regulations, Title 15, and because Plaintiff's related grievance no. 29409 was completed by the OOA on November 19, 2020. (Mendez Decl. ¶ 15, Ex. G.)

13. Plaintiff has not pursued any other grievances between the date of the alleged incident on January 4, 2020, and the date he initiated this lawsuit on April 9, 2021, alleging that Defendants Navarro, Neve, Allison, and/or Plata used excessive force against Plaintiff on January 4, 2020. (*Id.* ¶ 20; Moseley Decl. ¶ 10.)

**C.     Parties' Positions**

Defendants contend that while Plaintiff submitted a grievance, no. CSPC-5-20-00062, relevant to his claims that Defendants Neve, Allison, and Navarro assaulted him on January 4, 2020, the grievance was denied at the institutional level, the institutional-level decision advised Plaintiff that he must appeal to the final level of review in order to exhaust administrative remedies, and Plaintiff did not do so. Plaintiff thereafter submitted various defective grievances tangentially related to his claims regarding the January 4, 2020 incident, but each was rejected at the institutional level. The administrative process was available to Plaintiff, and he failed to exhaust his administrative remedies to the final level of review. Defendants' motion for summary judgment should be granted.

Plaintiff argues in opposition that he did not receive a response to CSPC-5-20-00062 until late June or early July 2020, which is when he immediately sent his appeal to OOA. His appeal was never processed, and therefore he did exhaust his administrative remedies related to this incident. Plaintiff states that he does not remember exactly when he mailed his appeal, and there was no way to track outgoing legal or confidential mail in his unit when he mailed out his appeal for CSPC-5-20-00062. Plaintiff agrees that he submitted various requests for interview and grievances inquiring about the status of his use of force appeal related to the January 4, 2020 incident, specifically so he could begin this lawsuit, but was never informed that his appeal of CSPC-5-20-00062 did not make it to the Office of Grievances or OOA. Plaintiff was concerned

that his appeal had been trashed, and tried to file grievances in as many ways as possible to ensure that he exhausted his available remedies. Plaintiff states that it is obvious his appeal was trashed, as he has had numerous officers open his mail and throw it away, and when he inquired about his missing appeal he was misled instead of being instructed to re-file it. Plaintiff alternatively argues that his use of force claims were exhausted by one of his later-filed grievances nos. 29409 or 80511.

In reply, Defendants contend that Plaintiff failed to raise a triable issue of material fact because an inmate is not excused from exhausting his administrative remedies simply because of speculative assertions that his appeal was lost or sabotaged. Plaintiff's assertion that he submitted grievance no. CSPC-5-20-00062 to the third level of review but never received a response because prison officials thwarted his attempts to exhaust administrative remedies is based on nothing more than speculation about the actions of unspecified CDCR officials. Plaintiff has not filed a copy of the alleged third-level appeal of CSPC-5-20-00062, and none of Plaintiff's other grievances exhausted his claims for this action.

**D. Analysis**

1. CSPC-5-20-00062

The parties are in agreement that Plaintiff timely filed a grievance regarding the January 4, 2020 incident at issue in this action, CSPC-5-20-00062. UMF 3. CSPC-5-20-00062 was sent directly to the second level of review to be addressed as a staff complaint. UMF 4. A second level decision on CSPC-5-20-00062 was first issued on February 20, 2020, granting a confidential inquiry into Plaintiff's allegations and denying the claim as to Plaintiff's allegations of excessive force. UMF 5. An amended second level response, providing the same decision, was issued on May 20, 2020 from the Institutional Executive Review Committee. UMF 6. Both the February 20, 2020 and May 20, 2020 responses advised, "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted." UMF 5, 6.

///

Plaintiff states that he did not receive the second level response until late June or early July 2020, when he immediately mailed his appeal to OOA. (ECF No. 71, pp. 3–4, 10, 22.) An appeal for CSPC-5-20-00062 was never received at the third and final level of review. UMF 7. Plaintiff initiated this lawsuit on April 9, 2021, (ECF No. 1), and the operative first amended complaint was filed on March 18, 2022, (ECF No. 47). Based on the undisputed evidence before the Court, Plaintiff did not receive a final decision on CSPC-5-20-00062 prior to initiating this suit or filing the operative complaint. As Defendants have carried their burden to prove that there was an available administrative remedy and Plaintiff did not exhaust that available remedy, the burden now shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191.

### 2.    Availability of Grievance Process

Plaintiff primarily argues that the grievance process was made unavailable to him because although he mailed his third level appeal of CSPC-5-20-00062 in late June or early July 2020, it was likely trashed and therefore never processed. In spite of his attempts to exhaust his administrative remedies by filing other grievances related to the January 4, 2020 use of force or inquiring about the status of his first grievance, Plaintiff was never informed that the OOA did not receive his third level appeal. Plaintiff also believed that one of his other grievances served to exhaust his administrative remedies for his January 4, 2020 use of force claim.

While Plaintiff has submitted copies of other grievances and inquiries into the status of CSPC-5-20-00062, Plaintiff has not submitted a copy of the appeal he claims to have mailed in late June or early July 2020. Plaintiff also fails to explain why he does not have a copy of that appeal, or why he cannot recall more precisely the date it was mailed. In contrast, Plaintiff provides detailed allegations regarding the specific date, building side, appeal box, and escort during which he submitted the original CSPC-5-20-00062 grievance. (ECF No. 71, pp. 16–17.) Plaintiff goes on to provide specific dates when he submitted other grievances, inquiries, and letters regarding the January 4, 2020 incident. (*Id.* at 17–19.)

///

9

Based on the record before the Court, Plaintiff has failed to provide any evidence, other than vague assertions in his opposition to the motion for summary judgment, that he mailed an appeal of CSPC-5-20-00062 to the third level of review. *See Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment."); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). While there is no doubt that Plaintiff submitted numerous additional appeals and inquiries regarding the status of the third level decision on CSPC-5-20-00062, there is simply not evidentiary support for Plaintiff's assertion that he mailed a third level appeal in the first place. Similarly, Plaintiff provides only his own speculation that once mailed, his appeal was then lost or trashed by unidentified CDCR staff.

To the extent Plaintiff asserts that his administrative remedies were somehow exhausted due to the ambiguity of the responses he received to his later grievances and inquiries, or because he was never explicitly informed that the OOA had not received an appeal at the third level for CSPC-5-20-00062, the Court finds this argument unpersuasive. Plaintiff may have been confused by the responses he received, but Plaintiff continued to submit inquiries raising overlapping and unrelated issues, even as he claims he was attempting only to check on the status of his use of force appeal. Though Plaintiff apparently did not receive a log number for CSPC-5-20-00062 until he received the second level response, he also did not include the log number in any inquiry after late June or early July 2020. (*See* ECF No. 71, p. 30.) Thus, any confusion regarding which use of force appeal was being decided in any given response from CDCR appears to be a result of Plaintiff's repeated attempts to exhaust, rather than any mistake or malicious intent on the part of CDCR. If this confusion resulted in Plaintiff's inability to exhaust, it does not excuse Plaintiff from the exhaustion requirement, as any prejudice was not the result of the prison's action. *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (suggesting as relevant the underlying reasons for why an administrative remedy is unavailable and leaving open the possibility that acts of a prison that thwart proper exhaustion may allow an equitable exception to the PLRA's exhaustion

requirement); *Nunez v. Duncan*, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (a warden's mistake prevented prisoner from properly exhausting administrative remedies and thus such remedies were effectively unavailable). The Court therefore finds that Plaintiff's failure to exhaust his available administrative remedies is not excused, and his claims against Defendants should be dismissed.

### IV.     Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust, (ECF No. 65), be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 28, 2024**             /s/ Barbara A. McAuliffe              _
                                        UNITED STATES MAGISTRATE JUDGE

11