UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>        Plaintiff,<br><br>    v.<br><br>NAVARRO, et al.,<br><br>        Defendants. | No. 1:21-cv-00600-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 65, 106 |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against defendants Navarro, Neve, and Allison for excessive force in violation of the Eighth Amendment, arising from an incident on January 4, 2020. Doc. 47. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 28, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. Doc. 106. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. *Id.* at 11. Following an extension of time, plaintiff timely filed objections on October 4, 2024. Docs. 108, 109.

      Plaintiff's objections first contest various prior discovery orders. Doc. 109 at 1–4. To the extent that plaintiff is seeking reconsideration of the order granting defendants' motion to stay

1  merits-based discovery, Doc. 68, or the order denying plaintiff's motion to compel discovery,
2  Doc. 100, plaintiff fails to identify any new information not discussed in the orders and fails to
3  establish any basis for reconsideration. *See Zeyen v. Bonneville Joint District, #93*, 114 F.4th
4  1129, 1138 (9th Cir. 2024) (court is bound by previous decision in case unless it is clearly
5  erroneous and would work a manifest injustice, intervening controlling authority makes
6  reconsideration appropriate, or substantially different evidence was adduced at subsequent trial).

7  Next, plaintiff alleges that the findings and recommendations improperly engage in
8  credibility determinations or weighing of evidence in finding no genuine dispute of material fact.
9  Doc. 109 at 14.  While plaintiff correctly states the legal standard, the magistrate judge did not
10  improperly engage in weighing the evidence.  The findings and recommendations appropriately
11  considered the material undisputed facts in the record.  The defendants established that there was
12  no record of plaintiff's submission of a third level appeal.  The burden then shifted to the plaintiff
13  to produce evidence of the third level appeal to dispute this assertion.  *See Matsushita Elec. Indus.*
14  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

15  Plaintiff argues that his submission of a CDCR-22, received by the Health Care Grievance
16  Office on June 18, 2020, Doc. 109 at 42, serves as an inquiry into the status of his appeal, and
17  creates a sufficient factual dispute as to whether plaintiff submitted a third level appeal.  Doc. 109
18  at 7.  However, as plaintiff states in his opposition to defendants' motion for summary judgment,
19  plaintiff submitted the CDCR-22 on June 7, 2020 to inquire about the status of his *second level*
20  appeal, which plaintiff confirms was returned to him in late June.  Doc. 71 at 3–4.  Plaintiff does
21  not put forth any evidence supporting his claim that he submitted the third level appeal, or that he
22  ever inquired about its status after purportedly submitting it.  *See id.* at 10.  In his opposition,
23  plaintiff speculates that his appeal was "lost or destroyed." *Id.* at 2.  Plaintiff's conclusory
24  allegations are insufficient, as he "must do more than simply show that there is some
25  metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Rivera v. National R.R.*
26  *Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by
27  factual data cannot defeat summary judgment.").

28  Finally, plaintiff restates his arguments made in his opposition to defendants' motion for

summary judgment that his filing of ancillary grievances alleging tampering with his mail, or his submission of duplicative grievances, and CDCR's responses thereto, demonstrates an exhaustion of his initial grievance related to the instant action. Doc. 109 at 17–21. For the reasons stated in the findings and recommendations, Doc. 106 at 10–11, these arguments are unpersuasive. As the magistrate judge found, plaintiff failed to provide any specifics concerning his claimed third-level appeal, whereas defendants' submitted evidence that no such appeal was ever received.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued on August 28, 2024, Doc. 106, are ADOPTED IN FULL;
2. Defendants' motion for summary judgment, Doc. 65, is GRANTED;
3. This action is dismissed, without prejudice, for failure to exhaust administrative remedies; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 29, 2025

UNITED STATES DISTRICT JUDGE

3